FILED

2010 Apr-27  AM 11:31
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **BRIAN LUCKIANOW; GARY MURRIE; KEVIN LUCKIANOW; JUDY HICKMAN; KIMBERLY WILLIAMS; KENNETH CARNES,** | } } } } } | |
| | } | **CASE NO. 2:09-cv-0929-SLB** |
| **Plaintiffs,** | } } | |
| **v.** | } } | |
| **CLARY ENERGY, L.L.C.; CLARY DEVELOPMENT CORP.; ROGER S. CLARY,** | } } } } | |
| **Defendants.** | } | |

## MEMORANDUM OPINION

This case is currently before the court on plaintiffs Brian Luckianow, Gary Murrie, Kevin Luckianow, Judy Hickman, Kimberly Williams, and Kenneth Carnes' (collectively the "Plaintiffs") Motion for Judgment on the Pleadings or, in the Alternative, for Summary Judgment, filed on March 8, 2010.  (Doc. 12.)[1]  Plaintiffs have sued defendants Clary Energy, L.L.C., Clary Development Corp., and Roger S. Clary (collectively the "Clary Defendants"), jointly and severally, for, *inter alia*, breach of contract.  (Doc. 1 at ¶¶ 27-30; Doc. 12 at 3.)  Upon consideration of the record, Plaintiffs' submissions,[2] and the relevant

---

[1] Reference to a document number, ("Doc. ___"), refers to the number assigned to each document as it is filed in the court's record.

[2] Exhibit A to the Scheduling Order provides:

The parties to the above-styled action have been or will be given a deadline for the filing of dispositive motions.  Any motion for summary judgment and supporting

law, the court is of the opinion that Plaintiffs' Motion for Judgment on the Pleadings or, in

the Alternative, for Summary Judgment, (Doc. 12), is due to be granted in part and denied

in part.

## I. <u>SUMMARY JUDGMENT STANDARD</u>

Pursuant to Fed. R. Civ. P. 56(c), summary judgment is appropriate when the record

shows "that there is no genuine issue as to any material fact and that the moving party is

entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  The moving party bears the

initial burden of showing no genuine issue of material fact and that it is entitled to judgment

as a matter of law.  *See Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *see*

*Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970).  Once the moving party has met its

burden, Rule 56(e) requires the non-moving party to go beyond the pleadings and show that

there is a genuine issue for trial.  Fed. R. Civ. P. 56(e); *see Celotex Corp. v. Catrett,* 477 U.S.

317, 324 (1986).   A dispute is genuine "if the evidence is such that a reasonable jury could

return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,

248 (1986).

---

brief and evidentiary materials will be due on or before that deadline.  ***The***
***responsive submission of the party opposing the motion for summary judgment***
***shall be filed not later than 21 days after the motion for summary judgment is***
***filed.***  The movant's reply submission shall be filed no later than 11 days after the
date on which the opponent's responsive submission was due.

(Doc. 8, Ex. A at 1 (emphasis added).)  The Clary Defendants did not file a response to Plaintiffs'
Motion for Judgment on the Pleadings or, in the Alternative, for Summary Judgment.

In deciding a motion for summary judgment, the court's function is not to "weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.* at 249.  Credibility determinations, the weighing of evidence, and the drawing of inferences from the facts are left to the jury, and, therefore, evidence favoring the non-moving party is to be believed and all justifiable inferences are to be drawn in its favor. *See id.* at 255.  Nevertheless, the non-moving party "need not be given the benefit of every inference but only of every reasonable inference." *Graham v. State Farm Mut. Ins. Co.*, 193 F.3d 1274, 1282 (11th Cir. 1999) (citing *Brown v. City of Clewiston*, 848 F.2d 1534, 1540 n.12 (11th Cir. 1988)) (emphasis added).

## II. <u>STATEMENT OF FACTS</u>

The following facts are set forth in Plaintiff's Motion for Judgment on the Pleadings, or, in the Alternative, for Summary Judgment.  (Doc. 12 at 2-3.)  The Clary Defendants did not dispute these facts, which are partially supported by the record evidence submitted by Plaintiffs.[3]  Therefore, these facts are deemed admitted as to plaintiff Kevin Luckianow.[4]

---

[3] Only the facts with respect to Kevin Luckianow are supported by the record evidence.  (*See* Doc. 13.)  Indeed, while the affidavits of Brian Luckianow, Kevin Luckianow, Gary Murrie, Judy Hickman, Kimberly Williams, and Kenneth Carnes, as attached to Plaintiffs' Motion for Judgment on the Pleadings or, in the Alternative, for Summary Judgment, are not signed and/or notarized, (*see* Doc. 12 at 6-17), the affidavit of Kevin Luckianow, as attached to the Notice of Filling Affidavit of Kevin Luckianow, is both signed and notarized, (*see* Doc. 13, Ex. 1 at 1-2).

[4] Exhibit A to the Scheduling Order states that "[a]ll material facts set forth in the statement required of the moving party will be deemed to be admitted for summary judgment purposes unless controverted by the response of the party opposing summary judgment."  (Doc. 8, Ex. A at 4 (emphasis removed).)

9.      Petron Resources ("Petron") is an independent oil and gas exploration company that has entered into various joint ventures and other agreements to explore and develop oil and gas in the United States, Central and South America as well as other areas.  For example, Petron Resources formed a joint venture with Truestar Petroleum Corporation to explore and develop the PSC 4-93 license area in Guatemala.  Under the terms of the agreement, Petron will provide $11 million in funding for seismic and drilling commitments in exchange for an interest in the prospect.

10.      The plaintiffs have alleged that Petron is owned and/or controlled by the Clary Defendants.

11.      Petron ceased meeting its payroll and the palintiffs have not been paid by Petron since approximately September, 2008.

12.      The Clary Defendants induced the plaintiffs to perform services for Petron in order to keep the Petron projects from failing.

13.      Between September 2008, and January 2009, the Clary Defendants requested that the plaintiffs provide services to Petron.  The plaintiffs performed the requested services.

14.      The Clary Defendants, jointly and severally, agreed to pay and/or guarantee the plaintiffs' salaries, bonuses and other benefits and pay for services rendered to Petron.  Since approximately September, 2008, the Clary Defendants have failed and refused to pay for the plaintiffs' services and have otherwise breached the agreement the Clary Defendants made.

15.      As a proximate result of the Defendants' breach of contract, the plaintiffs have suffered the following damages plus interest:

Brian Luckianow: $190,281.00 as of May, 2009.
Gary Murrie: $195,126.00 as of May, 2009.
Kevin Luckianow: $110,813.00 as of May, 2009.
Judy Hickman: $40,287.00 as of May, 2009.
Kimberly Williams: $49,625.00 as of May, 2009.
Kenneth Carnes: $36,406.00 as of January, 2009.

16.      The damages result from the Clary Defendants breach of contract, indebtedness on open account, indebtedness on account stated, work and labor done, *quantum meruit* or misrepresentation and concealment.

(Doc. 12 at 2-3.)

The signed affidavit of plaintiff Kevin Luckianow further states:

1.     My name is Kevin Luckianow and I am a resident of Louisburg, Kansas, over the age of 21 years.

2.     I was employed by Petron Resources.

3.     Petron Resources failed to pay my salary and benefits beginning in about September 2008.

4.     I was told by Roger S. Clary, Clary Development Corporation and Clary Energy, LLC, to continue working at Petron and they would cause me to be paid.

5.     I continued to work at Petron based solely on the promise of Roger S. Clary, Clary Development Corporation and Clary Energy, LLC, that they would have me paid for my work.

6.     Despite the assurances of Roger S. Clary, Clary Development Corporation and Clary Energy, LLC, I was not paid and was owed $110,813.00 as of May, 2009, for the work I did without pay.

(Doc. 13 at Ex. 1.)

### III.  DISCUSSION

Plaintiffs filed their Complaint on May 12, 2009, alleging, *inter alia*, breach of contract against the Clary Defendants.  (Doc. 1 at 4-5, 8.)  Plaintiffs filed their Motion for Judgment on the Pleadings or, in the Alternative, for Summary Judgment on March 8, 2010. (Doc. 12.)  In their Motion, Plaintiffs "request that this Court enter a judgment on the pleadings or for summary judgment in their favor in the [aforementioned amounts] as actual damages," and further "request such other and different relief as this Court may provide including punitive damages."  (Doc. 12 at 4.)  As support, Plaintiffs attached to the Motion unsigned affidavits from all Plaintiffs, (*see id.* at 6-17), but later that same day filed a Notice

of Filing Affidavit of Kevin Luckianow, and attached a signed and notarized affidavit from Kevin Luckianow, (Doc. 13, Ex. 1).   Pursuant to the court's Summary Judgment Requirements, (Doc. 8, Ex. A at 1), any opposition from the Clary Defendants was due by March 29, 2010, (*see id.*; Doc. 15).  The Clary Defendants did not file an opposition.

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  The movant can meet this burden by presenting evidence showing that there is no dispute of material fact, or by showing that the nonmoving party cannot present evidence in support of some element of his case on which he bears the ultimate burden of proof.  *Id.* at 322-23; *see* Fed. R. Civ. P. 56(a) and (b).  Rule 56(e) provides:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response . . . must set forth specific facts showing that there is a genuine issue for trial.  If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e).  Thus, although a court may not grant a motion for summary judgment simply because the motion goes unopposed, it may do so if the moving party has shown that there are no disputed issues of material fact and that it is entitled to judgment as a matter of law.  *Trs. of Cent. Pension Fund of Int'l Union of Operating Eng'rs. & Participating Employers v. Wolf Crane Serv., Inc.*, 374 F.3d 1035, 1039-40 (11th Cir. 2004) (citing *United*

*States v. One Piece of Prop.*, 363 F.3d 1099, 1101-02 (11th Cir. 2004)).

Applying these standards and reviewing the record and the relevant case law, the court concludes that plaintiff Kevin Luckianow, one of the moving parties, has demonstrated that there is no genuine issue as to any material fact and that he is entitled to a judgment as a matter of law.  The Clary Defendants have not come forward with ***any*** evidence in response to this showing.  Thus, they have failed to meet their burden "to go beyond the pleadings and . . . designate 'specific facts showing that there is a genuine issue for trial,'" *Celotex,* 477 U.S. at 324, and the record demonstrates that summary judgment in favor of plaintiff Kevin Luckianow is warranted.[5]  By contrast, material facts remain in dispute with respect to plaintiffs Brian Luckianow, Gary Murrie, Judy Hickman, Kimberly Williams, and Kenneth Carnes, and summary judgment in their favor is therefore due to be denied.[6]

## CONCLUSION

For the foregoing reasons, the court is of the opinion that there are no material facts in dispute as to plaintiff Kevin Luckianow, and that he is entitled to judgment as a matter of law.  Material facts remain in dispute with respect to plaintiffs Brian Luckianow, Gary Murrie, Judy Hickman, Kimberly Williams, and Kenneth Carnes.  An Order granting in part

---

[5] Had plaintiffs Brian Luckianow, Gary Murrie, Judy Hickman, Kimberly Williams, and Kenneth Carnes signed and notarized their affidavits, the court would likely have found that summary judgment was due in their favor as well.

[6] Nevertheless, the court's Order will be without prejudice, and the court will entertain a subsequent motion for summary judgment filed by these plaintiffs, assuming the motion includes properly signed and notarized affidavits, or other admissible evidence.

and denying in part Plaintiffs' Motion for Judgment on the Pleadings, or in the Alternative, for Summary Judgment, (Doc. 12), will be entered contemporaneously with this Memorandum Opinion.

**DONE**, this 27th day of April, 2010.

SHARON LOVELACE BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE